18-CV-2718 (GHW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEGGY ZOULAS,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION: CARMEN ASSELTA, PRINCIPAL OF PS 34K: MARIA LORE, ASSISTANT PRINCIPAL OF PS34K,

Defendants.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.

### JAMES E. JOHNSON

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-172
New York, New York 10007-2601

*Of Counsel:* Amanda M. Blair

*Tel*.:  (212) 356-8767

Matter No.:  2018-045913

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

        SUMMARY JUDGMENT SHOULD BE
        GRANTED DISMISSING PLAINTIFF'S ADEA
        CLAIMS. ................................................................................................... 2

CONCLUSION ....................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                **Page(s)**

Anderson v. Liberty Lobby, Inc.,
     477 U.S. 242 (1986) ....................................................................................................3

Antonmarchi v. Consol. Edison Co. of N.Y., Inc.,
     No. 03-7735 (LTS) (KNF), 2008 U.S. Dist. LEXIS 75458
     (S.D.N.Y. Sep. 29, 2008) ...........................................................................................13

Anyachebelu v. Brooklyn Hosp. Ctr., No. 16-3159 (DLI) (VMS),
     2017 U.S. Dist. LEXIS 114290, at *32 (E.D.N.Y. July 20, 2017)……………………..3

Bahnsen v. Town of Brookhaven,
     No. 17-4545 (SJF) (AYS), 2019 U.S. Dist. LEXIS 216748
     (E.D.N.Y. Dec. 16, 2019) ............................................................................................7

Bickerstaff v. Vassar College,
     196 F.3d 435 (2d Cir. 1999) ........................................................................................6

Bhaduri v. Summit Sec. Servs.,
     No. 05-7024 (HB), 2006 U.S. Dist. LEXIS 79830
     (S.D.N.Y. Nov. 2, 2006) ............................................................................................15

Boise v. N.Y. Univ.,
     No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639
     (S.D.N.Y. Oct. 21, 2003) ...................................................................................4-5, 15

Brennan v. Metro. Opera Ass'n,
     192 F.3d 310 (2d Cir. 1999) ......................................................................................13

Celotex Corp. v. Catrett,
     477 U.S. 317 (1986) ....................................................................................................2

Cerni v. J.P. Morgan Sec. LLC,
     208 F. Supp. 3d 533 (S.D.N.Y. 2016) .......................................................................10

D'Amico v. City of New York,
     132 F.3d 145 (2d Cir. 1998) ........................................................................................3

Delaney v. Bank of Am. Corp.,
     766 F.3d 163 (2d Cir. 2014) ........................................................................................7

Dressler v. City Sch. Dist. of N.Y.,
 No. 15-3696 (JPO), 2016 U.S. Dist. LEXIS 107753
 (S.D.N.Y. Aug. 15, 2016) ..........................................................................10

Dressler v. N.Y.C. Dep't of Educ.,
 No. 10-3769 (JPO), 2012 U.S. Dist. LEXIS 44249
 (S.D.N.Y. Mar. 28, 2012) ............................................................................9

Hogan v. Metromail,
 107 F. Supp. 2d 459 (S.D.N.Y. 2000) ........................................................11

Jute v. Hamilton Sundstrand Corp.,
 420 F.3d 166 (2d Cir. 2005) ........................................................................8

Kassner v. 2nd Ave. Delicatessen, Inc.,
 496 F.3d 229 (2d Cir. 2007)........................................................................12

Kobos v. Target Corp.,
 No. 15-5573 (DRH) (SIL), 2018 U.S. Dist. LEXIS 98554
 (E.D.N.Y. June 12, 2018) ............................................................................4

Kunik v. N.Y.C. Dep't of Educ.,
 No. 15-9512 (VSB), 2017 U.S. Dist. LEXIS 164132
 (S.D.N.Y. Sep. 29, 2017) ............................................................................13

Maines v. Last Chance Funding, Inc.,
 No. 17-5453 (ADS) (ARL), 2018 U.S. Dist. LEXIS 162073
 (E.D.N.Y. Sep. 21, 2018) ............................................................................14

Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,
 475 U.S. 574 (1986) .....................................................................................3

McGuire-Welch v. House of the Good Shepherd,
 219 F. Supp. 3d 330 (N.D.N.Y. 2016) ......................................................5-6

McMenemy v. City of Rochester,
 241 F. 3d 279 (2d Cir. 2001) ........................................................................8

Saunders v. NYC Dep't of Educ.,
 No. 07-2725 (SJF) (LB), 2010 U.S. Dist. LEXIS 71500
 (E.D.N.Y. July 15, 2010) ..............................................................................8

Senno v. Elmsford Union Free Sch. Dist.,
 812 F. Supp. 2d 454 (S.D.N.Y. 2011) .....................................................9-10

Siani v. State Univ. of N.Y.,
    7 F. Supp. 3d 304 (E.D.N.Y. 2014) .................................................................12

Slattery v. Swiss Reinsurance Am. Corp.,
    248 F.3d 87 (2d Cir. 2001) ..............................................................................11

Spinelli v. City of N.Y., Law Dep't,
    No. 13-07112 (GBD) (SN), 2016 U.S. Dist. LEXIS 11786
    (S.D.N.Y. Aug. 30, 2016) ................................................................................13

Stratton v. Dep't for the Aging for N.Y.,
    132 F.3d 869 (2d Cir. 1997) ..............................................................................4

Sullivan v. Brodsky,
    380 Fed. Appx. 21 (2d Cir. 2010) ......................................................................7

Tewksbury v. Ottaway Newspapers,
    192 F.3d 322 (2d Cir. 1999) ..............................................................................5

Ulrich v. Moody's Corp.,
    No. 13-8 (VSB), 2017 U.S. Dist. LEXIS 50438
    (S.D.N.Y. Mar. 31, 2017) ..................................................................................3

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993) ..............................................................................4

**Federal Statutes**

Age Discrimination in Employment Act of 1967 ("ADEA")................................. *passim*

## PRELIMINARY STATEMENT

Plaintiff, pro se, Peggy Zoulas, is a teacher employed by the New York City Department of Education ("DOE"). Plaintiff, who is age fifty-nine, brings claims of age discrimination, retaliation, and a hostile work environment pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), alleging that after she turned age fifty-five, Principal Carmen Asselta ("Asselta") and retired Assistant Principal Maria LoRe-Dioguardi ("LoRe-Dioguardi"), both of whom are also over age 50, began to treat her differently. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Preliminarily, Plaintiff has not provided any evidence showing that Asselta and LoRe-Dioguardi even knew when Plaintiff's date of birth to support Plaintiff's novel claim that she was subjected to discrimination, retaliation, and harassment simply because she turned fifty-five. Rather, the facts show that Plaintiff received a "developing" Overall Rating for the 2015-2016 school year due to a "developing" Local Measures rating (that every other teacher rated at P.S. 34 also received) and engaged in multiple incidents of unprofessional behavior that supported the letters to file she received. With regards to Plaintiff's pedagogy, the component ratings Plaintiff received on her observation reports were adequately supported by Principal Asselta's observations of Plaintiff's teaching. Further, Principal Asselta attempted to help Plaintiff develop as a teacher, only to be rebuffed by Plaintiff due to her belief that she was already an excellent teacher and did not require such support.

Plaintiff has failed to meet her burden to show that her 2015-2016 "developing" Overall Rating constituted age discrimination as she received an "effective" Measures of Teacher Practice ("MOTP") rating from Principal Asselta for that school year. Regardless, any allegations associated with Plaintiff's MOTP rating are time-barred. Concerning Plaintiff's retaliation claim,

Plaintiff has failed to show that Ms. Peluso or Mr. Guito knew of Plaintiff's protected activity to support her allegation that they engaged in retaliatory harassment. Further, Plaintiff's June 1, 2017 and 2017-2018 school year observation component ratings are supported by the observation reports she received from Principal Asselta, and there is no evidence of retaliatory animus.

Finally, Plaintiff's hostile work environment complaint must be dismissed as Plaintiff has not shown that she was subjected to severe or pervasive discriminatory conduct because of her age. Rather, the facts show a longstanding history of Plaintiff engaging in unprofessional conduct and Plaintiff's reframing of every incident of conflict as one of animus or hostility against her is disingenuous and unsupported by the record.

Accordingly, summary judgment should be granted in favor of Defendant, and the Amended Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts, dated December 11, 2020 ("Def.'s 56.1"), the Declaration of Amanda M. Blair, dated December 11, 2020, and the supporting evidence cited to therein for a statement of pertinent and material facts.

## ARGUMENT

## SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING PLAINTIFF'S ADEA CLAIMS.

### A.    General Summary Judgment Standard of Review

Summary judgment is properly granted in the moving party's favor if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)

(quoting Fed. R. Civ. P. 56(c)); <u>see</u> <u>D'Amico v. City of New York</u>, 132 F.3d 145, 149 (2d Cir. 1998), <u>cert denied</u>, 524 U.S. 911 (1998). Once the moving party meets its initial burden, the nonmoving party must come forward with specific facts to show there is a genuine issue of material fact that must be resolved at trial. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); <u>Ying Jing Gan v. City of New York</u>, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). Although the Court must construe the facts in the light most favorable to the plaintiff, a "mere scintilla" of evidence is insufficient to meet plaintiff's burden to establish a genuine issue of fact; the standard is "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986); <u>D'Amico</u>, 132 F.3d at 149 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indust. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted).

**B.      Plaintiff's ADEA Discrimination Claim Should be Dismissed**

Plaintiff's age discrimination claim should be dismissed. The ADEA forbids an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges or employment, because of such individual's age." <u>See</u> <u>Ulrich v. Moody's Corp.</u>, No. 13-8 (VSB), 2017 U.S. Dist. LEXIS 50438, at *33 (S.D.N.Y. Mar. 31, 2017) (quoting 29 U.S.C. § 623(a)(1)). To establish a prima facie case of discrimination, Plaintiff must show "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." <u>See</u> <u>Anyachebelu v. Brooklyn Hosp. Ctr.</u>, No. 16-3159 (DLI) (VMS), 2017 U.S. Dist. LEXIS 114290, at *32 (E.D.N.Y. July 20, 2017) (quoting <u>Gorzynski v.</u>

3

JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010)). If a plaintiff sufficiently establishes a prima facie case, defendant must respond with a legitimate, non-discriminatory reason for the employment decision. See Stratton v. Dep't for the Aging for N.Y., 132 F.3d 869, 879 (2d Cir. 1997). Finally, a plaintiff must submit evidence showing that defendant's reason was merely a pretext for unlawful discrimination. See id. While ADEA claims are analyzed under the McDonnell Douglas three-step burden shifting framework, a plaintiff must also "prove, 'by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action.'" See Kobos v. Target Corp., No. 15-5573 (DRH) (SIL), 2018 U.S. Dist. LEXIS 98554, at *11 (E.D.N.Y. June 12, 2018) (quoting Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176-77 (2009)).

Preliminarily, Plaintiff's allegations that she received disciplinary letters to file, did not receive her preferred teaching assignment for the 2017-2018 school year, was not selected for the Green-Stem program,  was given a broken printer, and was "embarrassed, demeaned, intimidated, and excessively scrutinized" were dismissed by the Court. See Memorandum and Order, ECF Docket No. 33, at 31-32. Moreover, Plaintiff has failed to elicit any evidence showing that these alleged actions were materially adverse to support her age discrimination claim on summary judgment. See Boise v. N.Y. Univ., No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639, at *11 (S.D.N.Y. Oct. 21, 2003).

Indeed, the facts show that Plaintiff's letters to file were supported by witness statements and Plaintiff's unprofessional conduct, and Plaintiff did not suffer any materially adverse action after she received them. See Def.'s 56.1 ¶¶ 32, 47, 56, 59, 67, 69, 76; see also Boise, No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639, at *11. Further, when Plaintiff asked, Principal Asselta ordered Plaintiff a new printer. See Def.'s 56.1 ¶ 156. Finally, Plaintiff

participated in professional development. See id. at ¶¶ 35, 57-58, 60-61, 66, 91. For example, the facts show that Plaintiff volunteered to attend a three-day professional development opportunity with Apple Institute with Principal Asselta and additional teachers during the summer of 2016. See Def.'s 56.1 ¶ 35. Finally, Plaintiff's dissatisfaction with the school administration doing their job duties, such as evaluating Plaintiff's performance or reprimanding Plaintiff when she is verbally abusing children and other staff members, does not constitute materially adverse action. See Boise, No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639, at *11.

Concerning the 2015-2016 Overall Rating, any allegations associated with Plaintiff's MOTP score, which constitute her individual observation reports from Principal Asselta (in which Plaintiff received an overall "effective" rating) are time-barred. See Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 328-29 (2d Cir. 1999). Plaintiff received her MOTP rating on June 28, 2016, prior to July 22, 2016, which is 300 days before Plaintiff filed her complaint of discrimination with the New York State Division of Human Rights ("SDHR") on May 18, 2017. See id.; see also Def.'s 56.1 ¶ 34.

While the MOSL subcomponent of Plaintiff's Overall Rating, and the overall "developing" rating for the 2015-2016 school year are timely, Plaintiff has failed to show an inference of discrimination. See McGuire-Welch v. House of the Good Shepherd, 219 F. Supp. 3d 330, 340 (N.D.N.Y. 2016) (citing Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994) ("Circumstances contributing to an inference of age-based employment discrimination may include: invidious comments about people in the protected age class; more favorable treatment of younger employees; criticism of an employee's work performance in age-related degrading terms; a sequence of events leading to an employee's termination; or the timing of the termination.")). Plaintiff testified that she allegedly lost two opportunities for per session after

5

she received her "developing" rating. See Def.'s 56.1 ¶ 37. Those opportunities consisted of the short-lived Green Stem after school program and a test scoring position in January 2017. Id. at ¶¶ 37, 73, 175. Plaintiff has not shown that her rating factored into either decision not to select Plaintiff for the per session opportunity, but merely relies on pure speculation. See id. Regardless, as the facts show and Plaintiff admits, every teacher who received a rating for the 2015-2016 school year received a Local Measures rating of "developing." See id. at ¶¶ 41-42. Plaintiff has not provided a scintilla of evidence showing that the school MOSL committee's assessment selections targeted Plaintiff because of her age. See id. at ¶¶ 18-22; see also McGuire-Welch, 219 F. Supp. 3d at 340. An assertion that is otherwise implausible given the fact that Plaintiff's fourth grade teaching peers were subjected to the same measures. See Def.'s 56.1 ¶ 42.

Assuming, arguendo, that Plaintiff could establish a prima facie case of discrimination, her claims must fail because Defendant DOE had a legitimate, non-discriminatory reason for its assessment selections. A defendant's burden to show a legitimate, non-discriminatory reason is minimal; defendants must merely provide some explanation for the employment decision regarding plaintiff.  The ultimate burden of persuasion remains with the plaintiff. Bickerstaff v. Vassar College, 196 F.3d 435, 446-447 (2d Cir. 1999) (citations omitted), cert. denied, 530 U.S. 1242 (2000). Here, LoRe-Dioguardi testified that the MOSL committee attempted to choose assessments that the school's teachers were best at to make sure teachers received the highest rating. See Def.'s 56.1 ¶ 21. Unfortunately, the calculation of the score, which was not done internally at P.S.34, resulted in all rated teachers at P.S. 34 receiving a "developing" Local Measures rating. See id. at ¶¶ 17-18, 41-42.

Finally, Plaintiff cannot show pretext. "When the employer meets its burden to provide a legitimate, non-discriminatory reason for its action, 'the plaintiff can no longer rely on the prima facie case,' but 'must prove that the employer's proffered reason was a pretext for discrimination.'" Delaney v. Bank of Am. Corp., 766 F.3d 163, 168 (2d Cir. 2014) (internal quotation marks and citations omitted). "To establish pretext, an ADEA Plaintiff must show that a reasonable juror could conclude that his age was the "but for" cause for the employment decision." Bahnsen v. Town of Brookhaven, No. 17-4545 (SJF) (AYS), 2019 U.S. Dist. LEXIS 216748, at *24 (E.D.N.Y. Dec. 16, 2019); see also Sullivan v. Brodsky, 380 Fed. Appx. 21, 21 (2d Cir. 2010) ("Proceeding to the final step of the analysis, plaintiff must adduce sufficient evidence to allow a rational fact finder to conclude that age was the but-for cause of the challenged adverse employment action and not just a contributing or motivating factor") (internal quotation marks omitted). "The 'but for' causation standard 'is not equivalent to a requirement that age was the employers only consideration,' but, instead that the adverse employment 'would not have occurred without it.'" Bahnsen, No. 17-4545 (SJF) (AYS), 2019 U.S. Dist. LEXIS 216748, at *25 (quoting Delaney, 766 F.3d at 169). The evidence in the record is insufficient to create a triable issue of fact as to whether Defendant's legitimate nondiscriminatory reason for Plaintiff's "developing" Overall Rating for the 2015-2016 school year constituted pretext. Indeed, as stated, every teacher in P.S. 34 who was evaluated during the 2015-2016 school year received a "developing" Local Measures subcomponent rating, and Plaintiff has not provided any facts showing that she was singled out for a "developing" rating because of her age. Accordingly, Plaintiff's age discrimination claim must be dismissed.

**C.      Plaintiff's ADEA Retaliation Claim Should be Dismissed**

Plaintiff's retaliation claim must be dismissed because Plaintiff has failed to establish a causal connection between the alleged adverse employment actions and her SDHR complaint, and otherwise, Defendant had legitimate, non-discriminatory reasons for its actions and Plaintiff cannot show pretext. To prove retaliation, Plaintiff must first establish a prima facie case of retaliation. See Saunders v. NYC Dep't of Educ., No. 07-2725 (SJF) (LB), 2010 U.S. Dist. LEXIS 71500, at *74 (E.D.N.Y. July 15, 2010) (ADEA retaliation claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, (1973)). A retaliation claim is supported by facts showing (1) participation in a protected activity, (2) employer knowledge of the protected activity, (3) an adverse employment action, and (4) a causal connection between the protected activity and the adverse employment action. See McMenemy v. City of Rochester, 241 F. 3d 279, 282-83 (2d Cir. 2001). If the employer can articulate a legitimate, non-retaliatory reason for its action, "the presumption of retaliation dissipates, and the plaintiff must show that, but for the protected activity" she would not have suffered the alleged adverse employment action. See Dall, 966 F. Supp. 2d at 192; see also Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005) ("employee must show that retaliation was a substantial reason for the adverse employment action.").

Here, Plaintiff's protected activity consisted of her SDHR complaint filed on May 18, 2017, in which Plaintiff alleged discrimination because of her age. See Def.'s 56.1 ¶ 103. Plaintiff's alleged adverse employment actions, as can be discerned, consist of (1) her June 1, 2017 observation report and "developing" overall rating for the 2017-2018 school year, (2) being asked to sign her observation reports and that notes written on them without her knowledge, (3) the misprint of her name in the school directory, (4) issues concerning approval for a school trip,

(5) and harassment by Peluso, Guito, and LoRe-Dioguardi. See id. at ¶¶ 41, 54, 106, 114, 120-121, 131, 136, 138, 142. First, signing the observation reports merely served as an acknowledgment that they had been received. See Def.'s 56.1 ¶ 135. Second, the notes written on Plaintiff's observations, detailing school secretary Angelika Panek's ("Panek") interactions with Plaintiff when she attempted to have Plaintiff sign her observation reports are not retaliatory action that would dissuade a reasonable employee from engaging in protected activity. See Def.'s 56.1 ¶¶ 138, 142, 152; see also Dressler v. N.Y.C. Dep't of Educ., No. 10-3769 (JPO), 2012 U.S. Dist. LEXIS 44249, at *33 (S.D.N.Y. Mar. 28, 2012). Moreover, Principal Asselta testified that when she learned that the school secretary was asking Plaintiff to sign the reports during instruction time, she directed Panek to find a more optimal time. Id. at ¶ 143. Regardless, Plaintiff has not provided evidence showing that Panek harbored any retaliatory animus. See Senno v. Elmsford Union Free Sch. Dist., 812 F. Supp. 2d 454, 472 (S.D.N.Y. 2011) ("[A] plaintiff may not rely on conclusory assertions of retaliatory motive to satisfy the causal link. Instead, he must produce some tangible proof to demonstrate that [his] version of what occurred was not imaginary.").

Plaintiff's allegations of retaliatory harassment from Peluso and Guito must also be dismissed. Plaintiff alleges that after her SDHR complaint was dismissed in November 2017, SAPIS Counselor Peluso, on unspecified dates, engaged in the inflammatory actions of offering Plaintiff "unsolicited assistance," accusing Plaintiff's class of making too much noise, interfering with dance class instruction, and failing to address Plaintiff's needs over that of a child when addressing an incident in Plaintiff's classroom. See Def.'s 56.1 ¶¶ 120, 125, 136. Meanwhile counselor Guito was allegedly recruited by Principal Asselta to harass and make false accusations against Plaintiff rather than, as Plaintiff acknowledges, counsel a student in her class.

<u>See</u> Def.'s 56.1 ¶ 131. Plaintiff's contemporaneous account of her interaction with Guito is, however, far less fanciful than the allegations in her Amended Complaint. <u>Id</u>. For example, Plaintiff wrote in a rather benign email to Principal Asselta that she provided an explanation of the seating arrangement of the student Guito was counseling when Guito asked. <u>Id</u>. To the extent Plaintiff's interactions with Peluso and Guito can be considered retaliatory harassment, Plaintiff's claim must be dismissed as she has failed to provide evidence that Peluso and Guito harbored any retaliatory animus against Plaintiff for filing her SDHR complaint. <u>See</u> <u>Senno</u>, 812 F. Supp. 2d at 472 (S.D.N.Y. 2011). While Plaintiff will presumably argue that Panek, Peluso, and Guito were acting at the behest of Principal Asselta, there is no evidence in the record to support that conjecture. <u>See</u> <u>id</u>.

Plaintiff's allegation concerning the approval of class trips must also be dismissed as Plaintiff was notified on January 2, 2018 that her school trip request had been approved. <u>See</u> Def.'s 56.1 ¶ 121. The alleged delay of two months, from November 3, 2017 when Plaintiff filed the plan to January 2, 2018 when it was approved, for a trip scheduled for May does not constitute retaliation. <u>See</u> <u>id</u>.; <u>see also</u> <u>Cerni v. J.P. Morgan Sec. LLC</u>, 208 F. Supp. 3d 533, 539 (S.D.N.Y. 2016) (quoting <u>Kessler v. Westchester Cty. Dep't of Soc. Servs.</u>, 461 F.3d 199, 207 (2d Cir. 2006) (plaintiff must show that the alleged action would have "dissuaded a reasonable worker from making or supporting a charge of discrimination.")). Plaintiff's allegations that LoRe-Dioguardi yelled at her class following her emails to Principal Asselta about Guito and Peluso must also be dismissed as those emails were not protected activity. <u>See</u> Def.'s 56.1 ¶¶ 132, 136; <u>see also</u> <u>Dressler v. City Sch. Dist. of N.Y.</u>, No. 15-3696 (JPO), 2016 U.S. Dist. LEXIS 107753, at *14 (S.D.N.Y. Aug. 15, 2016) ("protected activity . . . refers [only] to action taken to protest or oppose statutorily prohibited discrimination.") (citation omitted). Moreover,

as Principal Asselta testified, Plaintiff's omission from the school directory was a typographical error by the paraprofessional that was immediately corrected. See Def.'s 56.1 ¶ 54; see also Hogan v. Metromail, 107 F. Supp. 2d 459, 472 (S.D.N.Y. 2000) (quoting Welsh v. Derwinski, 14 F.3d 85, 86 (1st Cir.1994) ("not every unpleasant matter short of [discharge or demotion] creates a cause of action")).   Concerning Plaintiff's June 1, 2017 observation report, Plaintiff's "developing" and "ineffective" component ratings aligned with prior observation reports where Plaintiff received "developing" and "ineffective" component ratings. See Def.'s 56.1 ¶¶ 29, 89, 95. Accordingly, her claim should be dismissed. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").

Finally, Plaintiff's 2017-2018 overall rating was not an adverse action because Plaintiff received an MOTP rating of "effective." See Def.'s 56.1 ¶ 155. Furthermore, there is no causal connection between the individual observation reports Plaintiff received eight months, ten months, a year, and over a year, respectively, and Plaintiff's SDHR complaint. See Def.'s 56.1 ¶¶ 126, 139, 145, 149; see also Cifra v. Gen. Elec. Co., 252 F.3d 205, 217 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.") (internal quotation marks omitted).

Even if Plaintiff can establish a prima facie case with respect to her June 1, 2017 observation report and individual observation reports during the 2017-2018 school year, Principal Asselta had legitimate reasons, as detailed in the observation reports, for the component ratings. See Def.'s 56.1 ¶¶ 126, 139, 145, 149. Each of the observation reports were

supported by Principal Asselta's observations of Plaintiff's and that of her student's, performance and Principal Asselta specifically identified areas where Plaintiff can improve and offered feedback. See id. While Plaintiff's January 31, 2018 and March 28, 2018 observation reports were removed from the calculation of Plaintiff's MOTP subcomponent rating following arbitration, neither Plaintiff nor the union advanced arguments while challenging those reports that they were a product of retaliatory animus, citing instead, procedural deficiencies. Def.'s 56.1 ¶¶ 126, 141, 155. Furthermore, Plaintiff cannot show pretext as Plaintiff received "developing" and "ineffective" component ratings in number of observations reports (that Plaintiff then grieved) before Plaintiff filed her SDHR complaint. See Def.'s 56.1 ¶¶ 29, 89, 94-95, 98. Here, Plaintiff has not provided any evidence showing that "but-for" her SDHR complaint, she would not have received "developing" and "ineffective" component ratings in her observation reports. See Siani v. State Univ. of N.Y., 7 F. Supp. 3d 304, 321 (E.D.N.Y. 2014) ("Once defendants provide such a reason, the plaintiff must prove, by a preponderance of the evidence, that age was the but-for cause of the challenged adverse employment action") (internal quotation marks omitted). Accordingly, Plaintiff's retaliation claim should be dismissed.

**D.      Plaintiff's ADEA Hostile Work Environment Claim Should be Dismissed**

"An actionable discrimination claim based on hostile work environment under the ADEA is one for which the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment[.]" See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 240 (2d Cir. 2007) (quoting Brennan, 192 F.3d at 318). "A hostile work environment claim is evaluated based on "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening and humiliating, or a mere offensive utterance; and whether

it unreasonably interferes with an employee's work performance." Spinelli v. City of N.Y., Law Dep't, No. 13-07112 (GBD) (SN), 2016 U.S. Dist. LEXIS 117860, at *45 (S.D.N.Y. Aug. 30, 2016) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002)). "Thus, a work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it." Kunik v. N.Y.C. Dep't of Educ., No. 15-9512 (VSB), 2017 U.S. Dist. LEXIS 164132, at *28 (S.D.N.Y. Sep. 29, 2017) (quotations omitted).

Plaintiff's hostile work environment claims should be dismissed as Plaintiff cannot establish any facts showing that she suffered severe or pervasive discriminatory conduct because of her age. While Plaintiff, who has filed ten grievances and two special complaints of harassment (as of the filing date of Plaintiff's Amended Complaint) against Principal Asselta after she received a "developing" Overall Rating for the 2015-2016 school year, alleges that she has been subjected to harassment, Plaintiff has not provided any facts showing that such actions were due to Plaintiff's age. See Def.'s 56.1 ¶¶ 74, 79, 82-83, 90, 93, 99, 113, 118, 121-122, 147, 154. Notably, given her predilection to file grievances, Plaintiff filed no grievances or complaints with DOE's Office of Equal Employment despite her allegations that Principal Asselta repeatedly called Plaintiff a "veteran teacher," and said Plaintiff was "getting up there," "starting to look tired and old" and should "just retire." See Def.'s 56.1 ¶ 158. Regardless, allegedly being called a "veteran teacher," and the single occurrence in which Plaintiff was allegedly told she was "starting to look tired and old" and should "just retire," were not sever or pervasive actions and support a hostile work environment claim. See Antonmarchi v. Consol. Edison Co. of N.Y., Inc., No. 03-7735 (LTS) (KNF), 2008 U.S. Dist. LEXIS 75458, at *23 (S.D.N.Y. Sep. 29, 2008) (ten alleged instances of racially derogatory remarks over a three year period insufficient to support a hostile work environment claim); see also Brennan v. Metro. Opera Ass'n, 192 F.3d

310, 318 (2d Cir. 1999) ("isolated, minor acts or occasional episodes do not warrant relief."); see also Maines v. Last Chance Funding, Inc., No. 17-5453 (ADS) (ARL), 2018 U.S. Dist. LEXIS 162073, at *31-32 (E.D.N.Y. Sep. 21, 2018) (comments in which plaintiff was called "old" and "dumb" insufficient to support a hostile work environment claim).

Moreover, nothing in Plaintiff's observation reports reveals objective hostility. See Def.'s 56.1 ¶¶ 89, 95, 102, 106, 126, 139, 145, 149. Rather, the comments and component scores are supported by what Principal Asselta observed in Plaintiff's classroom, and Principal Asselta provides Plaintiff with specific suggestions on how she can improve. See id. Further, there is no evidence that Principal Asselta harbored discriminatory animus towards older employees as Plaintiff alleges. The facts show that School Safety Officer Fantauzzi was removed from the school due to a complaint from a parent after he was caught sleeping in his chair. See Def.'s 56.1 ¶ 134. Plaintiff has not provided any evidence to support her allegation that Czastkiewicz was "pummeled" with negative evaluations and subsequently forced to retirement due to age-related animus from Principal Asselta. See Def.'s 56.1 ¶ 159. In fact, all of the MOTP scores received by rated teachers at P.S. 34 during the 2015-2016 school year were "effective" or "highly effective." See id.

Concerning outside professional development, Plaintiff has provided no facts showing that she requested professional development and was denied, and Principal Asselta testified that no teacher ever complained to her that they were not receiving professional development. See Def.'s 56.1 ¶ 170. Rather, the facts show that apart from the year Plaintiff was on the Teacher Improvement Plan, in which she went on a number of outside professional development trainings and workshops, Plaintiff sat idly by while other teachers took the initiative to find and request permission to partake in such opportunities. See id. at ¶¶ 165, 167-170.

Further, when Plaintiff volunteered to participate in professional development, as she did in June 2016 for the Apple Institute, Principal Asselta did not deny her the opportunity but thanked Plaintiff, and the other teachers who volunteered, for participating. See Def.'s 56.1 ¶ 35.

       Finally, Plaintiff's conclusory allegations that every interaction she had with the administration and other teachers and staff at P.S. 34 was rude, offensive, humiliating, degrading, embarrassing, or otherwise constituted harassment, is insufficient, at this stage of litigation, to support her hostile work environment claim. See Def.'s 56.1 ¶¶ 46, 59, 67, 125, 158, 160; see also Boise, No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639, at *21 (S.D.N.Y. Oct. 21, 2003) (hostile work environment claim dismissed where plaintiff "set forth no facts that support his claim that his work environment was rendered hostile by unlawful discrimination, rather than by an ordinary clash of wills."). Indeed, and contrary to Plaintiff's interpretation of events, it is evident that Plaintiff had longstanding issues, as shown by the six letters to file she received during the 2011-2012 school year and complaints for staff and parents, with professionalism. See Def.'s 56.1 ¶¶ 11, 33, 65. Plaintiff takes pains to shift every situation, even situations in which the administration was responding to a crying or upset child, to ones of personal attack. See Def.'s 56.1 ¶¶ 31-32, 59, 67, 85, 125. The facts, however, do not support such narratives. Accordingly, since Plaintiff has not provided facts showing that she was subjected to a hostile work environment because of her age, her claim must be dismissed. See Bhaduri v. Summit Sec. Servs., No. 05-7024 (HB), 2006 U.S. Dist. LEXIS 79830, at *20 (S.D.N.Y. Nov. 2, 2006) ("to defeat a motion for summary judgment, not only must Plaintiff show he had been harassed, but that harassment must be connected to his membership in a protected class.").

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court issue an order granting Defendant's motion for summary judgment and dismissing the Amended Complaint in its entirety, with prejudice, and awarding Defendant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           December 11, 2020

                                        **JAMES E. JOHNSON**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-172
                                        New York, New York 10007
                                        (212) 356-8767
                                        ablair@law.nyc.gov

                          By: _____
                                          /s/
                                        Amanda M. Blair
                                        Assistant Corporation Counsel

**YUVAL RUBINSTEIN**
**AMANDA M. BLAIR**
   Of Counsel