18-CV-2718 (GHW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEGGY ZOULAS,

                                                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION:
CARMEN ASSELTA, PRINCIPAL OF PS 34K:
MARIA LORE, ASSISTANT PRINCIPAL OF PS 34K,

                                                Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Laura C. Williams*
                      *Yuval Rubinstein*
*Tel: (212) 356-2435*
*Matter No.: 2018-045913*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    SUMMARY JUDGMENT SHOULD BE GRANTED
    DISMISSING PLAINTIFF'S ADEA CLAIMS ....................................................... 1

    A.  Plaintiff's ADEA Discrimination Claim Should be
        Dismissed ................................................................................................ 1

    B.  Plaintiff's ADEA Retaliation Claim Should be
        Dismissed ................................................................................................ 4

    C.  Plaintiff's ADEA Hostile Work Environment Claim
        Should be Dismissed .............................................................................. 8

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Pages**

Bhaduri v. Summit Sec. Servs.,
   No. 05-7024 (HB), 2006 U.S. Dist. LEXIS 79830
   (S.D.N.Y. Nov. 2, 2006) ............................................................................................8

Bickerstaff v. Vassar College,
   196 F.3d 435 (2d Cir. 1999),
   cert. denied, 530 U.S. 1242 (2000) ...........................................................................3

Boise v. N.Y. Univ.,
   No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639
   (S.D.N.Y. Oct. 21, 2003) ........................................................................................10

Chambers v. TRM Copy Centers Corp.,
   43 F.3d 29 (2d Cir. 1994) ...................................................................................... 2-3

Cifra v. Gen. Elec. Co.,
   252 F.3d 205 (2d Cir. 2001) .....................................................................................7

Delaney v. Bank of Am. Corp.,
   766 F.3d 163 (2d Cir. 2014) .....................................................................................3

Kessler v. Westchester County Dep't of Soc. Servs.,
   461 F.3d 199, 2006 U.S. App. LEXIS 21530, 98 Fair Empl. Prac. Cas.
   (BNA) 1185, 88 Empl. Prac. Dec. (CCH) P42, 627 ...................................................6

Norville v. Staten Island University Hosp.,
   196 F. 3d 89 (2d Cir. 1999) .......................................................................................4

Richardson v. Comm'n on Human Rights & Opportunities,
   532 F.3d 114 (2d Cir. 2008) .....................................................................................5

Saviano v. Town of Westport,
   2011 U.S. Dist. LEXIS 112722 (D.Conn. Sept. 30, 2011) .........................................5

Senno v. Elmsford Union Free Sch. Dist.,
   812 F. Supp. 2d 454 (S.D.N.Y. 2011) .......................................................................6

Slattery v. Swiss Reinsurance Am. Corp.,
   248 F.3d 87 (2d Cir. 2001) ........................................................................................7

# PRELIMINARY STATEMENT

Plaintiff Peggy Zoulas's ("Plaintiff") Opposition is devoid of legal and factual support, and lacks any ground warranting denial of Defendants' summary judgment motion. Summary judgment should be granted, dismissing the Amended Complaint in its entirety, because certain of Plaintiff's allegations are time-barred, and the Amended Complaint otherwise fails to state a claim upon which relief can be granted. Plaintiff does not meet her burden of establishing a prima facie case of age discrimination, which alone negates her claim. In Opposition, Plaintiff provides no facts showing that any purported comparator was similarly situated in all material respects or that any similarly situated comparator received better treatment. Moreover, plaintiff does not provide any evidence showing pretext. Plaintiff merely speculates that her ratings and overall treatment by Defendants was motivated by retaliatory intent. Finally, Plaintiff's Opposition lacks sufficient evidence demonstrating that she experienced a hostile work environment, and she is unable to connect these allegations of a hostile work environment as motivated by age discrimination.

# ARGUMENT

## SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING PLAINTIFF'S ADEA CLAIMS

### A. Plaintiff's ADEA Discrimination Claim Should be Dismissed

As discussed in Defendants' opening brief, many of Plaintiff's allegations have already been dismissed by the Court. See generally Court's August 29, 2020 Memorandum and Order, ECF Docket No. 52. Specifically, her allegations that she received disciplinary letters to file, did not receive her preferred teaching assignment for the 2017-2018 school year, was not selected for the Green-Stem program, did not receive sufficient professional development opportunities, was given a broken printer, and was "embarrassed, demeaned, intimidated, and excessively

scrutinized" were dismissed in the Court's August 29, 2020 Memorandum and Order. See ECF Docket No. 52, at 31-32. Moreover, Plaintiff remains unable to cite to any record evidence showing that these alleged actions ever amounted to materially adverse actions to support her age discrimination claim on summary judgment. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J.; see also Defs.' Mot. for Summ. J. 4. In her Opposition, Plaintiff's attempts to revisit and reargue the events surrounding her letters to file amount merely to speculation, and run contrary to record evidence in the form of witness reports collected following the incidents that prompted the letters to file. See Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶¶ 11, 13, 31, 42-43, 46, 57, 65. Therefore, Plaintiff's endeavor to rehash these allegations in her Opposition is improper.

Plaintiff's remaining allegations concerning the MOTP score in her 2015-2016 Overall Rating are time-barred because Plaintiff filed her complaint of discrimination more than 300 days after the alleged 2015-2016 events occurred. See Defs.' Mot. for Summ. J. 5. In Opposition, Plaintiff states that being placed on a Teacher Improvement Plan ("TIP") as a result of these ratings was not what constitutes discrimination by itself, and instead attempts to assert a continuing violation theory, in which a culmination of all alleged events, including those within the statute of limitation, constitute discrimination. See Pl.'s Opp to Defs.' Mot. for Summ. J. ¶ 33. Here, Plaintiff's attempt to make allegations concerning the 2015-2016 MOTP timely ultimately fails because none of her claims during this period amount to adverse employment action or underlying policy, and furthermore, merely constitute sporadic, and discrete actions. See id. Therefore, Plaintiff is unable to overcome the time-bar of 300 days.

While the MOSL subcomponent of Plaintiff's Overall Rating, and the overall "developing" rating for the 2015-2016 school year are timely, Plaintiff has failed to show an inference of discrimination. See Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir.

1994). Plaintiff has not provided a scintilla of evidence showing that the school MOSL committee's assessment selections targeted Plaintiff because of her age. See Defs.' Mot. for Summ. J. 3-4, 7; see generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Furthermore, Plaintiff does not dispute Defendants' argument that her assertion of age-related discrimination is ultimately implausible because Plaintiff's fourth grade teaching peers were subjected to the very same measures and all received the same MOSL "developing" rating. See id.

Even assuming, arguendo, that Plaintiff could establish a prima facie case of discrimination, her claims must fail because Defendant DOE had a legitimate, non-discriminatory reason for its assessment selections. See Bickerstaff v. Vassar College, 196 F.3d 435, 446-47 (2d Cir. 1999) (citations omitted), cert. denied, 530 U.S. 1242 (2000). In fact, LoRe-Dioguardi testified that the MOSL committee chose assessments that it believed would optimize teacher ratings. See Defs.' Mot. for Summ. J. 6. Furthermore the calculation of the MOSL score was not done internally at P.S. 34, and as established in the record, was applied equally to each teacher, regardless of age. See Defs.' 56.1 ¶¶ 17-18, 41-42; Defs.' Mot. for Summ. J. 6. Plaintiff therefore presents no admissible evidence that she was singled out because of her age. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J.

Furthermore, and importantly, Plaintiff cannot show pretext. See Delaney v. Bank of Am. Corp., 766 F.3d 163, 168 (2d Cir. 2014). In Opposition, Plaintiff resorts to conjecture that Principal Asselta engaged in the "Fariña Method" of "purging bad teachers." Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶¶ 56, 137. However, as evidenced by Plaintiff's own Exhibit "N" to her Opposition, this "method" of closely monitoring and documenting teacher performance is used for nondiscriminatory reasons to target underperforming teachers, regardless of age. See Pl.'s Opp. to Defs.' Mot. for Summ. J., Exhibit "N"; see also id. at ¶ 56. Therefore, the evidence in the

record remains insufficient to create a triable issue of fact as to whether Defendants' legitimate nondiscriminatory reasons for Plaintiff's "developing" Overall Rating for the 2015-2016 school year constituted pretext.

Nevertheless, Plaintiff asserts that she allegedly lost two opportunities for per session employment after she received her "developing" rating. See Defs.' 56.1 ¶ 37; see also Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶¶ 62, 123. Those opportunities consisted of the Green Stem after school program and a test scoring position in January 2017. See Defs.' 56.1 ¶¶ 37, 73, 175. Plaintiff has not provided evidence that her rating definitively factored into either decision not to select Plaintiff for the per session opportunities, let alone that it was the "but for" cause of not receiving these positions. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Accordingly, because Plaintiff has not provided any facts showing that she was singled out for a "developing" rating because of her age, Plaintiff's age discrimination claim must be dismissed. See Norville v. Staten Island University Hosp., 196 F. 3d 89, 98 (2d Cir. 1999) (Sotomayor, J.) (plaintiff failed to show that reason was pretext for age discrimination).

**B.     Plaintiff's ADEA Retaliation Claim Should be Dismissed**

Plaintiff's retaliation claim must be dismissed because Plaintiff is unable to establish a causal connection between the alleged adverse employment actions and her SDHR complaint. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Moreover, Defendant DOE had legitimate, non-retaliatory reasons for its actions for which Plaintiff cannot show pretext. See Defs.' Mot. for Summ. J. 8-12. Although Plaintiff attempts to assert that she was also retaliated against for "exercising her union rights" by filing grievances, this claim fails because, as the record demonstrates, unlike her SDHR complaint, these complaints did not concern or ever mention age discrimination. See Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶¶ 64, 80; see generally Defs.'

56.1; see also Saviano v. Town of Westport, 2011 U.S. Dist. LEXIS 112722, *13 (D.Conn. Sept. 30, 2011). In fact, in her Opposition, Plaintiff specifically admits regarding the Special Harassment Complaint filed May 6, 2017, that it "was not the proper venue for a complaint of age discrimination" Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶ 80. Thus, her union activity cannot be considered protected activity and there simply exists no casual connection between her grievances and the alleged retaliation. See Richardson v. Comm'n on Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir. 2008) (plaintiff must show that he engaged in protected activity known to the defendant).

In its August 29, 2020 Memorandum and Order, the Court recognized only Plaintiff's SDHR complaint as constituting protected activity, and established which of Plaintiff's alleged adverse employment actions could be discerned as being pled as "materially adverse actions," as follows: (1) her June 1, 2017 observation report and "developing" Overall Rating for the 2017-2018 school year, (2) being asked to sign her observation reports and that notes were written on them without her knowledge, (3) issues concerning approval for a school trip, and (4) alleged harassment by Peluso, Guito, and LoRe-Dioguardi. See Memorandum and Order, ECF Docket No. 52, at 35-37. Although not included by the Court's Memorandum and Order, Plaintiff attempts to argue in her Opposition that a misprint of her name in the staff directory also should be considered discriminatory action. Id.; see also Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶ 41. Nevertheless, Plaintiff offers no evidence sufficient to demonstrate that any of the above listed actions, including the misprint, indeed amount to materially adverse action to defeat summary judgment. See Defs.' Mot. for Summ. J. 10-11; See generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Moreover, as discussed at length in Defendants' opening brief, Plaintiff is unable to show that any of these actions could possibly amount to materially adverse action that would

dissuade a reasonable worker from making or supporting a charge of discrimination. See Defs.' Mot. for Summ. J. 8-12.

Additionally, Plaintiff is unable to establish that any of the Defendants harbored any retaliatory animus in order to satisfy the causal link prong of a retaliation prima facie case. See Senno v. Elmsford Union Free Sch. Dist., 812 F. Supp. 2d 454, 472 (S.D.N.Y. 2011) ("[A] plaintiff may not rely on conclusory assertions of retaliatory motive to satisfy the causal link. Instead, he must produce some tangible proof to demonstrate that [his] version of what occurred was not imaginary."); see also generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Therefore, Plaintiff's allegations of LoRe-Dioguardi, Peluso, and Guito engaging in retaliatory harassment at the behest of Asselta must also be dismissed because Plaintiff presents no evidence other than her own fanciful conjecture that these events occurred or that Peluso and Guito harbored any retaliatory animus against Plaintiff. See id.; see also Mot. for Summ. J. 9-10. Finally, the harassment Plaintiff alleges she experienced from Peluso and Guito ultimately never resulted in any sort of materially adverse employment action. See id.; see also Defs.' Mot. for Summ. J. 8-12.

Plaintiff's remaining allegations of retaliation must also be dismissed because each allegation fails at least one prong of the prima facie case of a retaliation claim. First, the alleged delay of two months, from the November 3, 2017 request, to the ultimate January 2, 2018 approval of a plan for a trip scheduled for May 2018, does not constitute retaliation because Plaintiff is unable to demonstrate that this brief delay would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 207, 2006 U.S. App. LEXIS 21530, *23, 98 Fair Empl. Prac. Cas. (BNA) 1185, 88 Empl. Prac. Dec. (CCH) P42,627; see also Defs.' 56.1 ¶¶ 121. Second,

Plaintiff's allegations that LoRe-Dioguardi yelled at her class following her emails sent to Principal Asselta about Guito and Peluso must be dismissed because those emails were not protected activity. See Defs.' Mot. for Summ. J. 10. Third, Plaintiff's assertion that her June 1, 2017 observation report, which included "developing" and "ineffective" component ratings, was made in retaliation should be dismissed. See id. at 11-12. Plaintiff argues that her ratings were unfair because of what she speculates was Principal Asselta's "emotional state" at the time her ratings were decided. See Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶ 81. This argument has nothing to do with Asselta's consideration of Plaintiff's engagement in protected activity. Moreover, the ratings aligned with prior observation reports where Plaintiff received "developing" and "ineffective" component ratings. See Defs.' Mot. for Summ. J. 11-12. Therefore, her claim should be dismissed.

Finally, Plaintiff's 2017-2018 Overall Rating cannot be considered retaliatory because the rating was not an adverse employment action. Plaintiff received an MOTP rating of "effective," in this Overall Rating. See Defs.' Mot. for Summ. J. 11. Additionally, there is no causal connection between the individual observation reports Plaintiff received eight months, ten months, a year, and over a year, respectively, after Plaintiff's SDHR complaint. See Defs.' 56.1 ¶¶ 126, 139, 145, 149; see generally Pl.'s Opp. to Defs.' Mot. for Summ. J.; see also Cifra v. Gen. Elec. Co., 252 F.3d 205, 217 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.") (internal quotation marks omitted). Moreover "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001).

Even if Plaintiff can establish a prima facie case with respect to her June 1, 2017 observation report and individual observation reports during the 2017-2018 school year, her retaliation claim fails because Defendants had legitimate reasons for Plaintiff's component ratings. See Defs.' Mot. for Summ. J. 10. Importantly, Plaintiff does not dispute that while her January 31, 2018 and March 28, 2018 observation reports were removed from the calculation of Plaintiff's MOTP subcomponent rating following arbitration, the reports were removed for procedural deficiencies, not for retaliatory animus. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J.

Ultimately, Plaintiff cannot show pretext simply because Plaintiff received "developing" and "ineffective" component ratings in a number of observations reports before Plaintiff filed her SDHR complaint. See Defs.' Mot. for Summ. J. 12. Here, Plaintiff has not provided any evidence showing that "but-for" her SDHR complaint, she would not have received "developing" and "ineffective" component ratings in her observation reports. See id.; see also generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Accordingly, Plaintiff's retaliation claim should be dismissed.

**C.  Plaintiff's ADEA Hostile Work Environment Claim Should be Dismissed**

Plaintiff's hostile work environment claim should be dismissed as Plaintiff cannot establish any facts showing that she suffered severe or pervasive discriminatory conduct because of her age. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J.; see also Bhaduri v. Summit Sec. Servs., No. 05-7024 (HB), 2006 U.S. Dist. LEXIS 79830, at *20 (S.D.N.Y. Nov. 2, 2006) ("to defeat a motion for summary judgment, not only must Plaintiff show he had been harassed, but that harassment must be connected to his membership in a protected class."). Even if Plaintiff's allegations of being called a "veteran teacher," and the single occurrence in which

Plaintiff was allegedly told she was "starting to look tired and old" and should "just retire," are true, these statements were not severe or pervasive actions to support a hostile work environment claim. See Defs.' Mot. for Summ. J. 13; see also Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶111.

Moreover, nothing in Plaintiff's observation reports reveal objective hostility. See Defs.' 56.1 ¶¶ 89, 95, 102, 106, 126, 139, 145, 149. Rather, the comments and component scores are supported by what Principal Asselta observed in Plaintiff's classroom, and Principal Asselta provided Plaintiff with specific suggestions on how she can improve. See id. Additionally, there is no evidence beyond base speculation that Principal Asselta harbored discriminatory animus towards older employees as Plaintiff alleges. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J. As established in Defendants' opening brief, the facts show that School Safety Officer Fantuzzi was removed from the school due to a complaint from a parent after he was found sleeping in his chair. See Defs.' Mot. for Summ. J. 14. Although there is no evidence that Plaintiff was a witness to the incident that lead to Fantuzzi's removal, in Opposition, Plaintiff asserts that Fantuzzi was resting his eyes, rather than sleeping. See Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶ 96. This assertion is nothing more than speculation, and is unable to support an inference of objective hostility. Additionally, Plaintiff has not provided any evidence other than her own conclusory assertions to support her allegation that Czastkiewicz was "pummeled" with negative evaluations and forced to retire due to age-related animus from Principal Asselta. See Defs.' 56.1 ¶ 159; see also Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶ 113. In fact, Czastkiewicz received an overall effective rating in 2015, and all of the MOTP scores received by rated teachers at P.S. 34 during the 2015-2016 school year were "effective" or "highly effective." See id.

Concerning outside professional development, Plaintiff has provided no facts showing that she requested professional development and was denied. See Defs.' 56.1 ¶ 170; see generally Pl.'s Opp. to Defs.' Mot. for Summ. J. Plaintiff even admits that Principal Asselta granted her request to attend the Apple Institute in July 2016. See Pl.'s Opp. to Defs.' Mot. for Summ. J. ¶ 19. Her allegation that Asselta was not particularly enthusiastic about this request fails to amount to harassment or deprivation of opportunities. See id.

Finally, Plaintiff's conclusory allegations that every interaction she had with the administration and other teachers and staff at P.S. 34 was rude, offensive, humiliating, degrading, embarrassing, or otherwise constituted harassment, is insufficient to support her hostile work environment claim on summary judgment. See generally Pl.'s Opp. to Defs.' Mot. for Summ. J.; see also Boise v. N.Y. Univ., No. 00-7844 (RWS), 2003 U.S. Dist. LEXIS 18639, at *21 (S.D.N.Y. Oct. 21, 2003) (hostile work environment claim dismissed where plaintiff "set forth no facts that support his claim that his work environment was rendered hostile by unlawful discrimination, rather than by an ordinary clash of wills.").

Accordingly, since Plaintiff has not provided facts showing that she was subjected to a hostile work environment because of her age, her claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons and reasons stated in Defendants' opening memorandum, Defendants respectfully request that the Court issue an order granting Defendants' motion for summary judgment and dismissing the Amended Complaint in its entirety, with prejudice, and awarding Defendants such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 5, 2021

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-102
New York, New York 10007
(212) 356-2435
lawillia@law.nyc.gov

By:         /s/
     Laura C. Williams
    Assistant Corporation Counsel

YUVAL RUBINSTEIN
LAURA C. WILLIAMS
 Of Counsel